# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| AMERICANTRUST FEDERAL SAVINGS BANK, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CAUSE NO.: 3:07-CV-302-TS |
| CREDIT SUISSE FIRST BOSTON CORPORATION, also known as Credit Suisse Securities (USA) LLC, CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., DLJ MORTGAGE CAPITAL, INC., TRIAD GUARANTY INSURANCE CORPORATION, SELECT PORTFOLIO SERVICING, INC. and BANK OF NEW YORK, | ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This lawsuit involves the sale of Mortgage-Backed Pass-Through Certificates that were collateralized by pools of sub-prime residential real estate mortgages to investors on the open market. Defendant Credit Suisse First Boston Mortgage Securities Corp. (Credit Suisse Mortgage) purchased the Certificates from Defendant DLJ Mortgage Capital, Inc. (DLJ). Defendant Credit Suisse Securities (Credit Suisse) then purchased the Certificates from Credit Suisse Mortgage to sell in individual pieces, or tranches. The mortgage loans were held and serviced in a trust. Defendant Triad Guaranty Insurance Corporation (Triad) issued a mortgage guaranty insurance policy to cover the pooled mortgage loans that were used as collateral for the Certificates.

In January 2003, the Plaintiff, AmericanTrust Federal Savings Bank, purchased tranches

of the Certificates on the secondary market. The Certificates's performance did not meet the Plaintiff's expectations. The Plaintiff claims that the Defendants violated their lawful duties in connection with the offering for sale of the Certificates and during their subsequent service of the collateral on the Certificates. The Plaintiff alleges that Triad breached its insurance contract with the trustee by declining to cover a portion of the mortgage loans.

This matter is before the Court on Triad's Motion to Dismiss [DE 33] the Plaintiff's breach of contract claim against it pursuant to Federal Rule of Civil Procedure 12(b)(6).

## BACKGROUND

On July 2, 2007, the Plaintiff filed an eighteen-count Complaint, and on September 10, filed its First Amended Complaint. A Prospectus, Supplemental Prospectus, a Pooling and Servicing Agreement, the Trustee's Statement to Certificateholders, and Triad's Insurance Policy on the Certificates are attached to the Amended Complaint. In the only claim brought against Triad, the Plaintiff alleges that Triad breached its contract of insurance when it "declined to cover many of the mortgage loans in the pool on the basis, amongst other things, that the loans had been procured through the use of fraud." (Pl. Am. Compl. ¶¶ 29, 107.) The Plaintiff contends that it can seek damages from Triad for this breach because it was an intended third party beneficiary of the insurance policy between the trustee and Triad. (Pl. Am. Compl. ¶ 105.)

On October 10, 2007, Triad moved to dismiss the Plaintiff's claim against it on the grounds that Triad did not owe the Plaintiff a contractual duty. In the alternative, Triad argued that the complaint did not assert facts that constituted a breach of the insurance contract because Triad has a right to deny any claim involving fraud.

2

On November 27, the Plaintiff responded to Triad's motion to dismiss. The Plaintiff argues that, under Indiana law, it is a third-party beneficiary to the insurance contract "because the policy was procured to ultimately protect its investment as well as other certificateholders who made up a class of individuals intended to benefit from the policy." (Pl. Resp. 4, DE 45.) Regarding the denial of coverage, the Plaintiff takes the position that Triad's refusal to provide coverage on the basis of fraud is an affirmative defense that does not foreclose its breach of contract claim.

On December 19, Triad filed a reply.

**STANDARD OF REVIEW**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990). The court presumes all well-pleaded allegations to be true and views them in the light most favorable to the plaintiff, and accepts as true all reasonable inferences to be drawn from the allegations most favorable to the plaintiff. *Whirlpool Fin. Corp. v. GN Holdings, Inc.*, 67 F.3d 605, 608 (7th Cir. 1995). To prevail on a motion to dismiss, the defendant must demonstrate that "the plaintiff's claim, as set forth by the complaint, is without legal consequence." *Gomez v. Ill. State Bd. of Educ.*, 811 F.2d 1030, 1039 (7th Cir. 1987). Under the Federal Rules of Civil Procedure the plaintiff need only "set out in [his] complaint a short and plain statement of the claim that will provide the defendant with fair notice of the claim" *Scott v. City of Chi.,* 195 F.3d 950, 951 (7th Cir. 1999), and the "grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Fed. R. Civ. P. 8(a). The complaint must

r

provide more than labels and conclusions, a formulaic recitation of the elements of a cause of action, or facts that do not raise a right to relief above the speculative level. *Bell Atl. Corp.*, 550 U.S. —, 127 S. Ct. at 1964–65. Additionally, a count may be dismissed under Rule 12(b)(6) if it includes particulars that show the plaintiff cannot possibly be entitled to the relief he seeks. *Thomas v. Farley*, 31 F.3d 557, 558–59 (7th Cir. 1994).

## DISCUSSION

**A.     The Insurance Contract**

The Plaintiff attached Triad's insurance policy to its complaint and the Court may properly consider it on Triad's motion to dismiss. "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c).

The policy at issue became effective on October 30, 2001. Triad is referred to in the Master Policy as the Company. The insured is identified as "Bank One, N.A. as Trustee for CSFB Mortgage-Backed Pass-Through Certificates Series 2001-28." (First. Am. Compl. Ex. E, DE 15-24 at 1.) The insured is further defined as:

1. The Person designated on the face of the Policy; or
2. any Person to whom coverage has been assigned with the written approval of the Company as provided in Section II.J resulting in a change in the Insured named on a Certificate in accordance with this Policy.

(Endorsement at 1, DE 15-24 at 18.)

**B.     Third-Party Beneficiary**

The Plaintiff acknowledges that it is not the named insured and is not otherwise a party to the contract. Rather, it asserts that it has standing to sue for breach of the Master Policy because

4

it is a third-party beneficiary of the policy. Triad disagrees with the Plaintiff's analysis. Both parties cite to Indiana law for purposes of Triad's motion to dismiss, so this Court will do the same. *See Mass. Bay Ins. Co. v. Vic Koenig Leasing, Inc.*, 136 F.3d 1116, 1120 (7th Cir. 1998) (acknowledging rule that when neither party raises a conflict of law issue in a diversity suit, the federal court simply applies the law of the state in which the federal court sits) (citing *Woods v. Mid-Valley, Inc.*, 942 F.2d 425, 426–27 (7th Cir. 1991)).

In Indiana, third-party beneficiaries may directly enforce a contract. *Mogenson v. Martz*, 441 N.E.2d 34, 35 (Ind. Ct. App. 1982).

> A third party beneficiary contract requires first, that the intent to benefit the third party be clear, second, that the contract impose a duty on one of the contracting parties in favor of the third party, and third, that the performance of the terms necessarily render to the third party a direct benefit intended by the parties to the contract.

*Id.*

The first element, requiring that the contract show a clear intent to directly benefit the Plaintiff, is the controlling factor. *Luhnow v. Horn*, 760 N.E.2d 621, 628 (Ind. Ct. App. 2001). In this case, the requisite intent may be shown by naming the Plaintiff specifically, by naming certificateholders as a class, or by "other evidence demonstrating the intent or understanding of the parties." *Mogenson*, 441 N.E.2d at 35; *see also St. Paul Fire & Marine Ins. Co. v. Pearson Constr. Co.*, 547 N.E.2d 853, 856 (Ind. Ct. App. 1989) (stating that the intention of the parties must clearly appear from the terms of the contract itself and the question of the intention should be gathered from the terms of the contract, considered in its entirety against the backdrop of the circumstances known to and shown to surround the contracting parties at the time of its execution). The intent of the parties to benefit a third party is not to be tested by a rule any more

5

strict or different than their intention as to other terms of the contract. *Kirtley v. McClelland*, 562 N.E.2d 27, 37 (Ind. Ct. App. 1990).

Because the contract does not name the Plaintiff specifically or certificateholders as a class, the Plaintiff argues that other evidence demonstrates the parties' intent. However, the Plaintiff does not point to any other evidence. The Plaintiff simply concludes that "the policy was procured to ultimately protect its investment as well as other certificateholders who made up a class of individuals intended to benefit from the policy." (Pl. Resp. at 4, DE 45.)

Assuming that this statement is true, and the trustee obtained the insurance, at least in part, to fulfill its duties to the certificateholders and to promote their interests, this is not adequate intent for third party beneficiary standing.

> The intent necessary to the third-party's right to sue is not a desire or purpose to confer a particular benefit upon the third-party nor a desire to advance his interest or promote his welfare, but an intent that the promising party or parties shall assume a direct obligation to him.

*Centenial Mortg, Inc. v. Blumenfeld*, 745 N.E.2d 268, 275–76 (Ind. Ct. App. 2001). The Master Policy addresses only the rights and obligations of Triad and the trustee of the pool of mortgages. According to the policy, Triad's obligations are to the trustee only. The complaint allegations, viewed in a light most favorable to the Plaintiff, do not support a finding that Triad assumed a direct obligation to the holders of the certificates, or conferred on them the power to enforce the insurance contract.

Neither is it clear that the fulfillment of Triad's obligations under the contract would necessarily result in a direct benefit to the Plaintiff. Although performance of the contract would ultimately benefit the Plaintiff in the form of higher dividends, this eventual gain is not sufficiently direct. *See Luhnow*, 760 N.E.2d at 630 (reaffirming that the controlling factor is the

intent of the contracting parties to benefit the third party and that it is not enough that performance would benefit the third party) (citing *Kirtley v. McClelland*, 562 N.E.2d 27, 37 (Ind. Ct. App. 1990)); *see also Evan v. Poe & Assocs., Inc.*, 873 N.E.2d 92, 98 (Ind. Ct. App. 2007); *Blumenfeld*, 745 N.E.2d at 275–76 (stating that "[a] third party does not have a right to sue under a contract merely because he may derive an incidental benefit from the performance of the promisor").

Thus, while the Plaintiff may benefit from the contract of insurance between Triad and the trustee in the form of a better payout on its investment, its direct benefit was not the intent of the contracting parties. Therefore, the Plaintiff does not have standing to sue for enforcement of the insurance contract.[1]

**C.      Alleged Breach**

Even if the Plaintiff had standing to sue Triad, it has not asserted facts that elevate its right to relief above the speculative level. While a complaint need not contain detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, it is not enough that there might be some conceivable set of facts that entitle the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. —, 127 S. Ct. 1955, 1968–69 (2007). The Plaintiff's only allegation that Triad did not fulfill the terms of the contract is that Triad "declined to cover many of the mortgage loans in the pool on the basis, amongst other things, that the loans had been procured through the use of fraud." (First. Am. Compl. ¶ 29.) The Plaintiff does not make any claim that the loans Triad

---

[1] The Court notes that this same defendant was dismissed from a third-party beneficiary claim under nearly identical circumstances by a district court in Florida on April 22, 2008. *See Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.*, No. 8:07-CV-690, 2008 WL 1817294 (M.D. Fla. Apr. 22, 2008) (concluding that because the plaintiff's only benefits under the terms of the policy were incidental or consequential, Triad's motion to dismiss should be granted and the plaintiff given leave to amend its claim against Triad).

refused to cover were not actually procured by fraud or that the existence of such fraud would not be a legitimate basis for denying coverage. Although the Plaintiff alleges that there were other reasons that Triad refused coverage, the Plaintiff does not identify these, and thus, does not provide the grounds upon which its allegations of breach rest. That Triad denied claims "on the basis, amongst other things, that the loans had been procured through the use of fraud" does not state a claim for breach of the Master Policy.

## CONCLUSION

For the foregoing reasons, Defendant Triad's Motion to Dismiss [DE 33] is GRANTED. Defendant Triad is dismissed from this cause.

SO ORDERED on May 13, 2008.

    s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION